IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH D'ALESSANDRO,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>THE UNITED STATES JUDICIAL<br>SYSTEM, THE UNITED STATES<br>CONGRESS, THE JUDICIAL<br>CONFERENCE OF THE UNITED<br>STATES, and ROBERT F. KELLY,<br><br>        Defendants, | **CONSOLIDATED**<br>Civ. Act. No. 04-137-JJF |
| JOSEPH L. D'ALESSANDRO,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>ROBERT KELLY, ANTHONY J.<br>SCIRICA, JOHN P. FULLAM,<br>J. CURTIS JOYNER, SUE L.<br>ROBINSON, JOSEPH H.<br>RODRIGUEZ, RUGGERO J.<br>ALDSIERT, MORTON I.<br>GREENBERG, and MARJORIE O.<br>RENDELL,<br>        Defendants, | Civ. Act. No. 04-616-JJF |

Joseph L. D'Alessandro, Pro Se Plaintiff.

MEMORANDUM OPINION

April 27, 2005

Wilmington, Delaware.

**Farnan, District Judge.**

The plaintiff, Joseph L. D'Alessandro, a pro se litigant, has filed these actions pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed, Plaintiff's motion to proceed in forma pauperis will be granted, but his complaints will be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. PROCEDURAL HISTORY

Plaintiff filed a complaint captioned D'Alessandro v. United States of America, Civ. Act. No. 04-137-JJF, on February 19, 2004. In that action, Plaintiff alleges that the Defendants, the United States of America, the United States Judicial System, the Judicial Conference of the United States, and specifically Judge Kelly, have violated his constitutional rights. (D.I. 2) Plaintiff further alleges that Judge Kelly has engaged in a conspiracy with other federal judges to violate his constitutional rights. (Id.) Although Plaintiff has included his wife's name in the caption of the complaint, only Plaintiff, Joseph L. D'Alessandro, has signed the complaint and the application to proceed in forma pauperis. Consequently, the Court will address the claims as presented only by Joseph L. D'Alessandro.

Plaintiff filed another complaint captioned D'Alessandro v.

United States of America, Civ. Act. No. 04-616-JJF, on June 25, 2004. In that action, Plaintiff also alleges that the Defendants, specifically, the named federal judges, have engaged in a conspiracy to violate his constitutional rights.[1] (D.I. 2)

## II. CONSOLIDATION

Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "District courts have the inherent authority to order consolidation sua sponte." Plimpton v. Cooper, 141 F. Supp. 2d 573, 575 (W.D. N.C. 2001)(citing Pickle v. Char Lee Seafood, Inc., 174 F.3d 444 (4th Cir. 1999)); see also Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, *675 (3d Cir. 1964). The two cases filed by Plaintiff clearly involve common questions of law and fact, and consolidation will avoid unnecessary costs and delay. Therefore, the Court will sua sponte consolidate these two actions.

## III. APPLICATION TO PROCEED IN FORMA PAUPERIS

When reviewing motions to proceed under 28 U.S.C. § 1915, the Court must make two separate determinations. First, the Court must determine whether Plaintiff is eligible for pauper

---

[1] The Defendants named in Civ. Act. No. 04-616-JJF are the United States of America, Robert Kelly, Anthony J. Scirica, John P. Fullam, J. Curtis Joyner, Sue L. Robinson, Joseph H. Rodriguez, Ruggero J. Aldsiert, Morton I. Greenberg and Marjorie O. Rendell.

status. Second, the Court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B). Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

When determining whether a plaintiff is entitled to proceed in forma pauperis, the Court begins by looking at the plaintiff's affidavit requesting pauper status. If the plaintiff lacks sufficient assets with which to pay the filing fee, the Court may grant the plaintiff's request.

Here, there is no question that Plaintiff has a limited income. In his affidavit, Plaintiff states that he receives $1,250.00 a month in disability benefits. He lives in a mobile home which he states is valued at $30,000. Plaintiff does not own any other property. Plaintiff has attached a notice from his bank indicating that his bank account is overdrawn. (D.I. 1) Plaintiff is married, but indicates that his wife is also disabled. (Id.) Based on the foregoing economic circumstances, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis. Having concluded that Plaintiff is entitled to proceed in forma pauperis under Section 1915(a), the Court will proceed to "screen" Plaintiff's complaints under Section 1915(e)(2)(B).

## IV. DISCUSSION

In D'Alessandro v. U.S.A., Civ. Act. No. 04-137-JJF, Plaintiff, in essence, alleges that Judge Kelly, Chief Judge Robinson, and Judge Rodriguez violated his civil rights by failing to properly apply the law.[2] (Civ. Act. No. 04-137-JJF; D.I. 2 at para. VI.) Plaintiff also alleges that the Judges have engaged in a conspiracy to violate his constitutional rights. (Id.) Plaintiff appears to be alleging that his rights were violated because he was not given a hearing on his claims. (Id.)

In D'Alessandro v. U.S.A., Civ. Act. No. 04-616-JJF, Plaintiff alleges that the federal judges named as Defendants are "[t]hugs in black robes and discriminators." (Civ. Act. No. 04-615; D.I. 2.) Plaintiff further alleges that the Defendants have engaged in a conspiracy to violate his constitutional rights. (Id.)

By his complaints, Plaintiff requests a refund of all the filing fees he has paid because he is a pauper and needs the money for "medical costs which are in the thousands." (D.I. 1 at 1.) Plaintiff also requests declaratory and injunctive relief. Specifically, Plaintiff requests that the Court order that all of his closed cases be reopened, and that Chief Judge Robinson and Judge Kelly be required to recuse themselves from his cases.

---

[2] Plaintiff has not named either Chief Judge Robinson, or Judge Rodriguez as Defendants in the Caption of the Complaint.

(D.I. 2.)

With respect to Plaintiff's request to have Chief Judge Robinson and Judge Kelly recused from hearing his cases, the Court observes that each of Plaintiff's prior cases have been dismissed. The Court will not reopen those cases, and therefore, Plaintiff's request for Chief Judge Robinson's and Judge Kelly's recusal will be denied as moot.[3] As for the substantive allegations of Plaintiff's complaints, the Court concludes that they are both malicious and frivolous under Section 1915(e)(2)(B).

A. Standard of Review

The United States Supreme Court has authorized the sua sponte dismissal of an in forma pauperis complaint which is frivolous, malicious or fails to state a claim under Section 1915(e)(2)(B). Neitzke v. Williams, 490 U.S. 319, 325 (1989). When reviewing complaints under this Section, the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, Civ. Act. No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19,

---

[3] Even if Plaintiff's request for recusal of Chief Judge Robinson and Judge Kelly was not moot, the Court would deny his request. In order to be disqualifying, both 28 U.S.C. § 144 and § 455 require that the alleged bias or prejudice stem from an extrajudicial source. See Liteky v. United States, 510 U.S. 540 (1994). "Extrajudicial source" means a source outside the present or *prior* judicial proceedings. See id. at 555 (emphasis added).

6

1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A). Accordingly, the Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

    B.    Frivolous Allegations Under 28 U.S.C. § 1915(e)(2)(B)

A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).[4] The term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. A fanciful factual allegation is one describing scenarios clearly removed from reality. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (citing, Sultenfuss v.

---

[4] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act ("PLRA"). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Further clarifying the meaning of a fanciful factual allegation, the Supreme Court stated:

> a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the *irrational or the wholly incredible*, whether or not there are judicially noticeable facts available to contradict them.

Denton v. Hernandez, 504 U.S. 25, 33 (1992) (emphasis added). Consequently, the Court can "pierce the veil of the complaint's factual allegations" to weigh their credibility. Id. at 33. Plaintiff's claim that the Defendants have engaged in a vast conspiracy to violate his constitutional rights is wholly incredible. The remainder of Plaintiff's claims are all based upon the same premise and are also irrational. Therefore, the Court concludes that the complaints are frivolous within the meaning of § 1915(e)(2)(B) and must be dismissed.

C. **Maliciousness of Plaintiff's Claims**

A complaint is malicious when it "duplicates allegations of another [] federal lawsuit by the same plaintiff."[5] Pittman v.

---

[5] Although the Pittman court referred to allegations duplicative of pending federal litigation in discussing maliciousness, other cases make it clear that the prior lawsuits need not be pending. Thus, a lawsuit may be dismissed as malicious if it arises from the same series of events and alleges the same facts as an earlier lawsuit, even if that earlier lawsuit has been dismissed. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988), see also Willis v. Bates, 2003 WL 22427405, *1 (5th Cir. Oct. 22, 2003); Guevara v. Metropolitan Life Ins. Co., 2000 WL 502709, *2 (E.D. Pa. Apr. 26, 2000) (collecting

Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, *9 (E.D. La. Feb. 25, 2004) ("In addition, duplicative and repetitive complaints are considered malicious for purposes of Section 1915"); McGill v. Juanita Kraft Postal Service, Civ. Act. No. 3:03-CV-1113-K, 2003 U.S. Dist LEXIS 9636 *4 (N.D. Tx. June 6, 2003) ("A complaint is thus malicious when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.")(quoting Pittman, 980 F.2d at 994-94).

Plaintiff has filed 11 complaints in this Court.[6] Many of these cases appear to be related to the claims raised in this complaint, and at least five of the cases name one, or some cases).

---

[6] D'Alessandro v. Robinson, 210 F. Supp.2d 526 (D. Del. July 22, 2002); D'Alessandro v. LL Bean, Inc., Civ. Act. No. 02-77-JCJ (dismissed April 10, 2002); D'Alessandro v. U.S.A., Civ. Act. No. 02-1334-JHR (dismissed June 25, 2003); D'Alessandro v. U.S.A., Civ. Act. No. 02-1388-JHR (dismissed June 25, 2003); D'Alessandro v. U.S.A., Civ. Act. No. 03-775-RFK (dismissed February 17, 2004); D'Alessandro v. Federal Civil Panel, Civ. Act. No. 03-914-RFK (dismissed February 17, 2004); D'Alessandro v. LL Bean, Inc., Civ. Act. No. 03-997-JPF (dismissed June 22, 2004); D'Alessandro v. U.S.A., Civ. Act. No. 03-998-JPF (dismissed June 22, 2004); D'Alessandro v. U.S. Government, Civ. Act. No. 03-1040-JPF (dismissed June 22, 2004); and, D'Alessandro v. Rufe, Civ. Act. No. 03-1076-JPF (dismissed June 22, 2004).

combination of the Defendants named in the subject complaints.[7] Reviewing Plaintiff's complaint history, a pattern becomes clear. After the dismissal of his claims, rather than file an appeal as required by the Federal Rules of Civil and Appellate Procedure, Plaintiff simply files new lawsuits and demands further review. See D'Alessandro v. Robinson, 210 F. Supp. 2d 526, 528 (D. Del. July 22, 2002)("Plaintiffs allege constitutional violations based on Judge Robinson's rulings in the other lawsuits discussed above."); Compare In Re Walter M. Guyer, Civ. Act. No. 96-7935, 1996 WL 689376 (E.D. Pa. November 27, 1996) (noting that while Guyer expanded the number of defendants "the wrongs alleged ... have been previously alleged in the profusion of suits which Mr. Guyer has filed in this District..."); Guyer v. Kelly, Civ. Act. No. 90-6181, 1990 WL 158194 (E.D. Pa. October 15, 1990) (noting that "[p]laintiff's redress for decisions he does not agree with is by appeal, and not by starting another civil rights complaint.").

In his current complaints, Plaintiff alleges that every federal judge who has ever been assigned to one of his cases has become engaged in a conspiracy to violate his constitutional

---

[7] D'Alessandro v. Robinson, 210 F. Supp.2d 526 (D. Del. July 22, 2002); D'Alessandro v. U.S.A., Civ. Act. No. 02-1334-JHR (dismissed June 25, 2003); D'Alessandro v. U.S.A., Civ. Act. No. 02-1388-JHR (dismissed June 25, 2003); D'Alessandro v. U.S.A., Civ. Act. No. 03-775-RFK (dismissed February 17, 2004); and D'Alessandro v. Federal Civil Panel, Civ. Act. No. 03-914-RFK (dismissed February 17, 2004).

rights. Plaintiff brings the pending complaints despite the fact that five prior lawsuits brought by Plaintiff have raised the same or similar claims and have been dismissed. See D'Alessandro v. Robinson, 210 F. Supp. 2d 526 (D. Del. July 22, 2002); D'Alessandro v. U.S.A., Civ. Act. No. 02-1334-JHR (dismissed June 25, 2003); D'Alessandro v. U.S.A., Civ. Act. No. 02-1388-JHR (dismissed June 25, 2003); D'Alessandro v. U.S.A., Civ. Act. No. 03-775-RFK (dismissed February 17, 2004); and D'Alessandro v. Federal Civil Panel, Civ. Act. No. 03-914-RFK (dismissed February 17, 2004). Because Plaintiff's complaints are related to the same nucleus of operative facts raised in his previous complaints and are duplicative of many of the allegations he has raised before, the Court also finds that Plaintiff had demonstrated a "history of unsubstantiated and vexatious litigation." Reneir v. Sewell, 975 F.2d 258, 260-61 (6th Cir. 1992)(citing, Maxberry v. SEC, 879 F.2d 222, 224 (6th Cir. 1989)). Accordingly, the Court concludes that Plaintiff's complaints are malicious within the meaning of Section 1915(e)(2)(B).

**V. CONCLUSION**

For the reasons discussed, the Court will grant Plaintiff's request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The Court will dismiss Plaintiff's Section 1983 complaints as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order will be entered.